UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRADLEY BURNS,

    Petitioner,

v.                             CAUSE NO. 3:20cr19 DRL
                                  3:23cv523 DRL

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

Bradley Burns filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He argues that his attorney was ineffective for six reasons. After assessing these contentions and the record, the court denies the petition and denies a certificate of appealability.

### BACKGROUND

For five months in 2019 and 2020, Bradley Burns conspired to distribute large amounts of methamphetamine and heroin. He admitted, under oath, to engaging in a pattern of drug trafficking stretching from California to Indiana and to paying a conspirator to make cross-country trafficking trips [126 Tr. 14]. He also admitted to possessing three guns when law enforcement searched his home [*id*. Tr. 15]. He pleaded guilty with a plea agreement to one count of unlawfully possessing a firearm as a felon and one count of conspiring to distribute more than 500 grams of methamphetamine and more than a kilogram of heroin. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. §§ 841(a)(1), 846.

In September 2021, the court sentenced Mr. Burns to 336 months on count 1 and 102 months on count 2, to be served concurrently, after he denied relevant conduct and lost

acceptance of responsibility [109]. Mr. Burns appealed, but after an *Anders* brief, the court of appeals agreed that the appeal would be frivolous and dismissed it [138], rejecting the argument that his plea wasn't knowing or voluntary. *United States v. Burns*, 2022 U.S. App. LEXIS 16693, 2 (7th Cir. June 16, 2022). Mr. Burns then filed this petition arguing that his counsel was ineffective. The government responded, and the court ordered a surreply from the government with additional information. The motion is now ripe for review.

## STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to *habeas corpus* relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather

2

than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

## DISCUSSION

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (collecting cases). To show a violation of this right, a defendant must establish that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

The law "presume[s] that counsel [was] effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted). Mr. Burns argues that his counsel was ineffective for six reasons. The court addresses each one, but none is meritorious.

    A. *Promise of a Lower Sentence.*

Mr. Burns first alleges that his counsel assured him he would receive a sentence of 168 months. As an initial matter, a defendant's incorrect belief about his sentence alone is insufficient to warrant relief. *United States v. Redmond*, 667 F.3d 863, 872-73 (7th Cir. 2012); *United States v.*

3

*Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008); *United States v. Howard*, 341 F.3d 620, 622 (7th Cir. 2003). Additionally, the record forecloses any finding of error by trial counsel.

The court's colloquy can "ameliorate the adverse impact of his counsel's misinformation," even if that occurred. *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (quotations and citation omitted). Though certain statements made at a plea hearing may be impacted by a counsel's constitutionally ineffective actions, *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013), a court should "not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies," *Lee v. United States*, 582 U.S. 357, 369 (2017).

Mr. Burns' alleged error is "belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Statements at a plea hearing are made under oath, so the court is "generally justified in discrediting the proffered reasons for the motion . . . and holding the defendant to his admissions at the plea colloquy." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (quotations and citation omitted). At the plea hearing, Mr. Burns confirmed that he and his counsel reviewed the potential sentencing guidelines range [126 Tr. 20]. The court then explained to Mr. Burns that it couldn't know what sentence it would reach at the time of the plea and "may arrive [at] or determine a sentence that you expect or one perhaps that you don't expect" [*id.*]. The court also explained that it may reach a sentence Mr. Burns didn't specifically discuss with counsel, and Mr. Burns acknowledged that he understood and still wished to plead guilty [*id.*]. Finally, the court asked Mr. Burns, under oath, if anyone had "made any promises or predictions" to Mr. Burns as to what sentence he would receive, and Mr. Burns responded, "No, sir" [*id.* Tr. 24]. Mr. Burns'

4

counsel submitted an affidavit confirming that he reviewed the guidelines and the potential maximum penalties with Mr. Burns [185-1 ¶ 4]. Mr. Burns' counsel also confirms, as Mr. Burns told the court under oath, that they reviewed possible enhancements [*id.*]. The court credits those statements made by Mr. Burns under oath at the time of his plea, rather than revisionary statements now. *Patterson*, 576 F.3d at 437.

Mr. Burns also claims that the sentence the court imposed was eight years higher than the sentence allowed in the plea agreement, but his plea agreement never stated a specific sentence, much less a binding one. Instead, it noted that he faced a maximum of life on the drug conspiracy count [70 ¶ 9(c)]. *See* 21 U.S.C. §§ 841(a)(1), 846. Mr. Burns confirmed he understood this at the plea hearing [126 Tr. 17]. The agreement also contained a promise from the government to recommend that Mr. Burns be sentenced at the low end of the guideline range [70 ¶ 9(h)(2)].[1] But the court explained to Mr. Burns that this was only advisory, not binding on the court, and Mr. Burns acknowledged under oath that he understood [126 Tr. 21].

Finally, Mr. Burns tried to attack the plea on direct appeal, and the reviewing court found that he had been advised of the necessary information and swore he reviewed the agreement under oath. *Burns*, 2022 U.S. App. LEXIS 16693 at 2-3. That court found that any attack on the plea would be "frivolous," and nothing in Mr. Burns' petition changes that analysis. *Id.* at 2. Because Mr. Burns has not established any deficient performance or prejudice, the court denies the petition on this ground.

---

[1] Mr. Burns' final guideline range was 360 months to life, so the government was bound only to recommend 360 months, 24 months more than Mr. Burns received on count 1 [110 at 9].

5

B. *Objection to Drug Weight.*

Mr. Burns claims that his counsel was ineffective because he failed to object to the amount of drugs attributed to Mr. Burns at sentencing. He objects to the court sentencing him for a shipment he argues was going to West Virginia, not to him, and he claims that only two pounds of methamphetamine were being delivered to him. At sentencing, his counsel advanced this argument [132 Tr. 92-94]. The court rejected Mr. Burns' attempts to deny the amount of drugs he was involved in, finding that the conspiracy included "large amounts of drugs and well exceeded what Mr. Burns represents he was directing in transit or expecting in delivery" [110 at 4-5]. Mr. Burns cannot disguise a challenge to the court's evidentiary findings at sentencing as an ineffective assistance of counsel claim. His counsel made the argument. The court just disagreed. The court denies the petition on this ground.

C. *Failure to File Motion to Suppress.*

Mr. Burns next argues that his counsel was ineffective because he failed to file a motion to suppress, which Mr. Burns says would have been meritorious because the police never obtained a warrant to search his home. "The choice not to investigate a particular defense does not constitute deficient performance if [the] lawyer has made a reasonable decision that makes particular investigations unnecessary." *Stevens v. McBride*, 489 F.3d 883, 890 (7th Cir. 2007) (quotation and citation omitted). And lawyers don't have to make every argument available; they "cannot be faulted for eschewing the proverbial kitchen sink and instead focusing on arguments with better odds." *Lickers v. United States*, 98 F.4th 847, 857 (7th Cir. 2024).

To show prejudice, a defendant bears the burden of showing "a reasonable likelihood that, but for his counsel's error, a motion to suppress the evidence would have been granted"

and that the suppressed evidence would have been "critical to the prosecution's case." *Edmond v. United States*, 899 F.3d 446, 452 (7th Cir. 2018). The court "need not address the first prong of the *Strickland* test if it is easier to resolve the case on the prejudice inquiry." *McNary v. Lemke*, 708 F.3d 905, 914 (7th Cir. 2013).

Mr. Burns cannot show any prejudice here because his entire argument relies on a false premise—based on the court's experience with Mr. Burns, nothing surprising when it comes to false statements. He claims there wasn't a warrant to search his home, but law enforcement had a search warrant for his residence [83 ¶ 19; 126 Tr. 15 (Mr. Burns agreeing law enforcement executed a search warrant at his home); 132 Tr. 13]. His counsel confirmed this [185-1 ¶ 6] and notes that he has no record of Mr. Burns ever asking him to file a suppression motion [*id.* ¶ 7]. A motion to suppress evidence for not obtaining a warrant is, by definition, frivolous, if a warrant was obtained. Mr. Burns certainly cannot show that the motion would have been granted. *Edmond*, 899 F.3d at 452. The court denies the petition on this ground.

D. *Factual Basis at Plea.*

Mr. Burns argues that a factual basis for the conspiracy did not exist, and he claims that his counsel was ineffective for advising him to plead guilty.[2] He claims that the evidence at sentencing did not show he had "a joint criminal objective of distributing controlled substances" and instead only showed that he sold drugs. At his plea hearing, the government explained the essential elements needed for him to be guilty of conspiracy to violate 21 U.S.C. §§ 841(a), (b) [126 Tr. 13]. *See also* 21 U.S.C. § 846. The government explained that it needed to show that "two

---

[2] In truth, this is less an attack on his counsel and more on the plea itself, which is prohibited by his plea agreement's appeal waiver [70 ¶ 9(e)]. *Burns*, 2022 U.S. App. LEXIS 16693 at 3.

7

or more persons agreed to [violate] the federal drug laws; the defendant knew the essential objective of the conspiracy; the defendant knowingly and voluntarily involved himself in the conspiracy; that there was an interdependence among the members of the conspiracy; and that the overall scope of the conspiracy involved a mixture or substance containing heroin over one kilogram and/or a mixture or substance containing methamphetamine over 500 grams" [126 Tr. 13]. The court then asked Mr. Burns if he understood "what must be true" for him to be guilty, and Mr. Burns confirmed that he understood and still believed in his guilt [*id.*].

The court walked Mr. Burns through his plea agreement's factual basis line by line, pausing to confirm that each sentence was accurate [*id.* Tr. 14]. Mr. Burns admitted, under oath, to being engaged in possession and distribution of controlled substances with other individuals [*id.*]. Specifically, he confirmed that he "engaged in a pattern of drug trafficking between Indiana and California" and employed another individual to make cross-country drug trafficking trips [*id.*]. When asked whether it was true that he and his codefendant "moved controlled substances across the country, including a mixture or substance containing methamphetamine in excess of 500 grams," Mr. Burns said, "Yes sir" [*id.*]. Contrary to Mr. Burns' assertions now, that is a sufficient factual basis, and the defense agreed at the time of his plea [*id.* Tr. 16]. Working with others to possess and distribute drugs across state lines fits the definition of a drug conspiracy, and that is what Mr. Burns did. The court denies the petition on this ground.

E.  *Firearm Enhancement.*

Mr. Burns claims that his counsel was ineffective by not objecting to the firearms enhancement under U.S.S.G. § 2D1.1(b)(1). He argues that there was no evidence presented at

8

sentencing that the firearms were possessed during his drug offense. He says the firearms were simply in his home, and he disputes that close proximity is sufficient.

First, *habeas corpus* relief is not a substitute for direct appeal, and Mr. Burns failed to present this argument on appeal. *See Doe*, 51 F.3d at 698. Second, the government highlights in response that the firearms were at the same address where drugs were delivered and stored, and Mr. Burns also had scales, baggies, and a drug ledger at the location [83 ¶ 11, 19; 110 at 11; 132 Tr. 14-15].[3] *See United States v. Sewell*, 780 F.3d 839, 848-49 (7th Cir. 2015) (same residence in similar situation sufficient).

The law generally declines to second-guess the strategic choices of attorneys, *United States v. Pergler*, 233 F.3d 1005, 1009 (7th Cir. 2000), though "[a]n attorney's choice rigidly to pursue a losing strategy can certainly support an ineffective assistance of counsel claim," *Gonzales v. Eplett*, 77 F.4th 585, 593 (7th Cir. 2023). Attorneys may have a "tactical reason not to make weak arguments." *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003). Objecting to the firearms enhancement would have been a losing argument, and the court won't call not making a frivolous objection constitutionally deficient. *Id.* Nor for that reason would there be any prejudice because it would naturally be overruled on this record. The court denies the petition on this ground.

F. *Leadership Enhancement.*

Finally, Mr. Burns claims that his counsel was ineffective because he failed to object to the leadership enhancement under U.S.S.G. § 3B1.1(c). This is just incorrect. His counsel objected to the leadership enhancement at sentencing; and in fact, counsel argued that Mr. Burns

---

[3] At sentencing, the court heard testimony from a special agent on the interaction between firearms and drug dealing [132 Tr. 15].

should receive a reduction for being a minor participant [98 at 11-17]. The court overruled both objections, finding that the leadership enhancement applied and that Mr. Burns was a "far cry" from a minor participant [110 at 5-8]. The court's finding doesn't change the fact that Mr. Burns' counsel made the arguments. To the extent Mr. Burns seeks to relitigate the evidence now, the time for that was direct appeal, and he waived that right in his plea agreement [70 ¶ 9(e)]. *See also Doe,* 51 F.3d at 698 (habeas not a substitute for direct appeal). The court denies the petition on this ground.

## CERTIFICATE OF APPEALABILITY

Mr. Burns fails to offer facts that, if proven, would entitle him to relief. As such, no hearing is necessary, and Mr. Burns' petition is denied. *See Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Based on the assertions Mr. Burns has made in this petition, including assertions that directly contradict the record before the court, reasonable jurists could not debate the conclusions today. The court thus denies a certificate of appealability.

## CONCLUSION

The court DENIES Mr. Burns' petition to vacate his sentence under 28 U.S.C. § 2255 [159], DENIES his motion to compel an evidentiary hearing [195], and DENIES a certificate of appealability. This order terminates the civil case [Cause No. 323cv523].

SO ORDERED.

March 25, 2025                               *s/ Damon R. Leichty*
                                             Judge, United States District Court